Michael S. Treppa, State Bar No. 142110
**TREPPA LAW GROUP**
2033 North Main St., Suite 750
Walnut Creek, California 94596
Telephone: (925) 296-0600
Facsimile: (925) 296-6146
Email: mtreppa@treppalaw.com
Attorneys for Defendants
Island Dream Homes, LLC;
SVV Ventures, LLC:
Abdul Majeed Khattak dba
Olympic Liquor & Grocery aka
Olympic Food & Liquor

# UNITED STATES DISRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ISLAND DREAM HOMES, LLC;<br>SVV VENTURES, LLC; ABDUL MAJEED<br>KHATTAK dba OLYMPIC LIQUOR &<br>GROCERY aka OLYMPIC FOOD & LIQUOR<br><br>　　　　Defendants. | Case No.  17-4395 MEJ<br><br>**DEFENDANTS' ANSWER TO ADA COMPLAINT** |

Defendants Island Dream Homes, LLC, SVV Ventures, LLC, Abdul Majeed Khattak dba Olympic Liquor & Grocery aka Olympic Food & Liquor, hereby answers, objects, and otherwise Responds to each paragraph of the Complaint on file herein as follows:

1.  Defendants admit that Plaintiff has filed suit as to "the Facility". Defendants deny the remaining allegations in this paragraph.

2.  Defendants admit that Plaintiff is seeking relief from Defendants. Defendants

1 deny the remaining allegations of this paragraph.

2     3. Defendants admit that this court has jurisdiction over such allegations.

3     4. Defendants admit that California law may apply to such allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis, deny each and every allegation contained therein.

    5. Defendants admit that plaintiff has raised claims. Defendants deny the remaining allegations of this paragraph.

    6. Defendants admit that venue is proper in this court.

    7. Admitted.

    8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained therein.

    9. Admitted.

    10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained therein.

    11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained therein.

    12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained therein.

    13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained therein.

    14. Defendants admit having control of the facility. Defendants deny the remaining allegations of this paragraph.

DEFENDANTS ANSWER TO ADA COMPLAINT
CASE NO. 17-4395 MEJ

TREPPA LAW GROUP

15. Defendants admit that the facility is not in the midst of a remodel. Defendants deny the remaining allegations of this paragraph.

16. Defendants reassert their responses to paragraphs 1-15.

17. Paragraph 17 of the complaint only contains excerpts of law and does not contain any allegations for Defendants to admit or deny.

18. Defendants deny the allegations contained in this paragraph.

19. Paragraph 19 of the complaint only contains excerpts of law and does not contain any allegations for Defendants to admit or deny.

20. Paragraph 20 of the complaint only contains excerpts of law and does not contain any allegations for Defendants to admit or deny.

21. Defendants deny the allegations contained in this paragraph.

22. Defendants deny the allegations contained in this paragraph.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained therein.

24. Paragraph 24 of the complaint only contains excerpts of law and does not contain any allegations for Defendants to admit or deny.

25. Defendants deny the allegations contained in this paragraph.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, deny each and every allegation contained therein.

27. Paragraph 27 of the complaint only contains excerpts of law and does not contain any allegations for Defendants to admit or deny.

28. Defendants deny the allegations contained in this paragraph.

29. Paragraph 29 of the complaint only contains excerpts of law and does not contain any allegations for Defendants to admit or deny.

30. Defendants deny the allegations contained in this paragraph.

31. Defendants deny the allegations contained in this paragraph.

32. Defendants deny the allegations contained in this paragraph.

33. Defendants admit that plaintiff seeks relief. Defendants deny the remaining allegations of this paragraph.

34. Defendants reassert their responses to paragraphs 1-33.

35. Paragraph 35 of the complaint only contains excerpts of law and does not contain any allegations for Defendants to admit or deny.

36. Paragraph 36 of the complaint only contains excerpts of law and does not contain any allegations for Defendants to admit or deny.

37. Paragraph 36 of the complaint only contains excerpts of law and does not contain any allegations for Defendants to admit or deny.

38. Defendants deny the allegations contained in this paragraph.

39. Defendants deny the allegations contained in this paragraph.

40. Defendants deny the allegations contained in this paragraph.

41. Defendants admit that plaintiff seeks relief. Defendants deny the remaining allegations of this paragraph.

42. Defendants reassert their responses to paragraphs 1-41.

43. Paragraph 43 of the complaint only contains excerpts of law and does not contain any allegations for Defendants to admit or deny.

44. Paragraph 43 of the complaint only contains excerpts of law and does not contain any allegations for Defendants to admit or deny.

45. Defendants deny the allegations contained in this paragraph.

46. Defendants deny the allegations contained in this paragraph.

PLAINTIFF'S PRAYER

1. Defendant denies the allegations contained in this paragraph.
2. Defendant denies the allegations contained in this paragraph.
3. Defendant denies the allegations contained in this paragraph.
4. Defendant denies the allegations contained in this paragraph.
5. Defendant denies the allegations contained in this paragraph.

## ADDITIONAL RESPONSES

### A.

Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses. Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

### B.

To the extent Defendant has not expressly admitted an allegation of the Complaint or denied an allegation of the Complaint based on a lack of information and belief, Defendant denies all further and remaining allegations of the Complaint and no response contained herein is intended to constitute a waiver of such denial.

## AFFIRMATIVE DEFENSES

### I.

**AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE**: Defendants allege that the complaint, and each claim therein, fails to state a claim upon which relief can be granted.

### II.

**AS A FURTHER, SECOND, SEPARATE AND AFFIRMATIVE DEFENSE:** Plaintiff lacks standing because Plaintiff was not deterred from visiting the facility and adjacent premises, nor can Plaintiff establish intent to visit the facility or premises in the future.

### III.

**AS A FURTHER, THIRD, SEPARATE AND AFFIRMATIVE DEFENSE:** Defendants allege that the injuries and damages plaintiff complains of resulted from the acts and/or omissions of others, and without any fault on the part of defendants.

### IV.

**AS A FURTHER, FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE:** The Plaintiff's claims are barred by the statute of limitations because Plaintiff did not visit, nor was not deterred from visiting the facility and adjacent premises within two years before the Complaint was filed.

### V.

**AS A FURTHER, FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE:** Defendants allege that plaintiff's claims as set forth in the Complaint are barred because the accommodations and modifications sought by plaintiff are not required by law.

VI.

**AS A FURTHER, SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,** Defendants allege plaintiff's claims as set forth in the Complaint are barred because Defendant is in compliance with the applicable law and the property is readily accessible to the disabled.

VII.

**AS A FURTHER, SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE,** defendant alleges, on information and belief, that plaintiff failed to mitigate his damages.

VIII.

**AS A FURTHER, EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE,** plaintiff's complaint seeks accommodations and modifications that would require the construction, alteration, repair, structural or otherwise, or modification that is beyond the requirements of the law and not otherwise readily achievable.

IX.

**AS A FURTHER, NINTH SEPARATE AND AFFIRMATIVE DEFENSE,** plaintiff's claims as set forth in the Complaint are barred in that plaintiff lacks standing and/or capacity to bring each claim, in that, among other things, plaintiff did not encounter any barriers to access with the property.

X

**AS A FURTHER, TENTH SEPARATE AND AFFIRMATIVE DEFENSE,** plaintiff's claims as set forth in the Complaint fail as a matter of law because, to the extent that plaintiff was not provided with full and equal accommodations, advantages, facilities or services of defendants' facilities, it was because plaintiff failed to give defendants sufficient notice of the need and sufficient opportunity to meet that need.

XI.

**AS A FURTHER, ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE,** to the extent defendants had a duty to do so, defendants made every good faith effort to evaluate and configure the readily achievable modifications to the property to permit access to individuals qualified under the Americans with Disabilities Act ("ADA") and other laws which protect persons with disabilities.

XII.

**AS A FURTHER, TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE,** defendants' conduct was privileged and justified in that the plans, specifications and improvements to the facility were approved by government officials authorized to do so and to enforce compliance with the ADA and all other relevant regulations.

XIII.

**AS A FURTHER, THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** plaintiff's claims are barred because pursuing modifications demanded by plaintiff would fundamentally alter the benefits to the public or result in an undue burden.

**WHEREFORE,** defendant prays that:

1. Plaintiff take nothing by his Complaint;
2. Defendant has judgment against Plaintiff;
3. Defendant be awarded costs of suit and reasonable attorney's fees; and
4. For such other and further relief as the Court may deem proper.

Dated: August 24, 2017

        TREPPA LAW GROUP

        By  /S/*Michael S. Treppa*
        Michael S. Treppa
        Attorneys for all Defendants

## VERIFICATION

I, Sreenivas Ramireddy am the managing member of Island Dream Homes, LLC, and SVV Ventures, LLC both of which are Defendants in the above- entitled action. I have read the foregoing Answer and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: August 25, 2017        /s/ *Sreenivas Ramireddy*

I, Abdul Majeed Khatak am the owner of Olympic Liquor & Grocery aka Olympic Food & Liquor, a Defendant in the above-entitled action. I have read the foregoing Answer and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: August 25, 2017        /s/ *Abdul Majeed Khattak*

I attest that the original signature of the persons whose electronic signatures are shown above are maintained by me, and that their concurrence in the filing of this document and attribution of their signature was obtained.

/s/*Michael S. Treppa*

Michael S. Treppa, Attorney for
Defendants Island Dream Homes, LLC
SVV Ventures, LLC
Abdul Majeed Khattak dba
Olympic Liquor & Grocery aka
Olympic Food & Liquor

# PROOF OF SERVICE

Francisca Moralez v. Island Dream Homes, LLC., et. al.
Case No. 17-4395 MEJ

I, Michael S. Treppa, state that I am a citizen of the United States and employed in the City of Walnut Creek, County of Contra Costa, State of California, in the office of a member of the bar of this court, at whose direction the service was made; that I am over the age of eighteen years and not a party to the within action; that my business address is 2033 North Main St., Suite 750, Walnut Creek, California 94596.

On the date set forth below, I served the following documents described as:

**DEFENDANTS ANSWER TO ADA COMPLAINT**

as follows to the address(es) set forth below:

\_\_\_ I am familiar with my business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a copy of the document described in a sealed envelope and caused such envelope with First Class postage thereon fully prepaid to be deposited in the United States mail at Walnut Creek, Contra Costa County, California.

\_\_\_ I placed a copy of the document described in a sealed envelope personally delivered the document.

__X__ I personally EMAILED the document to: tanya@mission.legal zak@mission.legal

\_\_\_ I placed a copy of the document described in a sealed "Federal Express" envelope with a "Federal Express Airbill" attached with the address relevant thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 25, 2017                    _/s/ Michael S. Treppa_

PROOF OF SERVICE